IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01508-BNB

KYLE LEE HOUSTON, a.k.a. DELIHUE,

Applicant,

v.

KEVIN MILYARD, Warden, S.C.F., and
JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondents.

## ORDER OF DISMISSAL

I. Background

Applicant Kyle Lee Houston, a.k.a. Delihue, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Houston initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his December 14, 2004, resentencing in the Denver District Court of Colorado in Case No. 92CR688. In an order entered on July 31, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 19, 2008, Respondents filed a Pre-Answer and an

Amended Pre-Answer on August 20, 2008, that corrected a mistake made in the caption of the August 19, 2008, Pre-Answer. Mr. Houston did not filed a Reply.

In the Application, Mr. Houston asserts that originally he pled guilty, on July 13, 1992, to second degree burglary and was convicted and sentenced to thirteen years in community corrections on September 17, 1992. Applicant further asserts that on December 14, 2004, in the same case, he was resentenced under a different charge of burglary to thirteen years of incarceration in the DOC. He also asserts that he filed a direct appeal on September 14, 2006, which was transferred to the Colorado Supreme Court and decided on February 5, 2007, and that on September 1, 2006, he filed a Colo. R. Crim. P. 35(c) postconviction motion asserting violations of his due process and equal protection rights in his parole revocation and in his illegal placement in the DOC. Mr. Houston further states that the Rule 35(c) motion was dismissed on appeal on either June 28 or June 29, 2005, and that the Colorado Supreme Court disposed of the motion on February 5, 2007.

Although Respondents' Pre-Answer fails to provide a clear explanation of all state proceedings in Mr. Houston's state criminal case, the Court finds that Mr. Houston's last filing in state court, a petition for a writ of habeas corpus, was denied by the Colorado Supreme Court on April 13, 2007. (Pre-Answer at Ex. A.) Mr. Houston has attached to his Application a copy of the answer brief submitted by the Colorado Assistant Attorney General in the petition for writ of habeas corpus. The answer brief addresses the substance of the issues Mr. Houston raised in the petition and provides a basis for this Court to determine that indeed the order entered by the Colorado

Supreme Court on April 13, 2007, was in response to the petition that Applicant had filed seeking relief from his resentencing in Case No. 92CR688. (Application at Ex. 1.)

II. Analysis

The Court must construe liberally Mr. Houston's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

### A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents argue that Mr. Houston's Application is time-barred. They contend that because his petition for writ of habeas corpus was denied on April 13, 2007, and he failed to file the instant action until July 17, 2008, the one-year time limitation has run under § 2244(d).

As stated above, Mr. Houston did not file a Reply. To the extent that Mr. Houston is challenging his resentencing, his claims are properly addressed in the instant action. As for any claim he attempts to raise regarding the revocation of his parole, the claim more properly is addressed in a 28 U.S.C. § 2241 action. Nonetheless, with respect to Mr. Houston's resentencing claims, from April 14, 2007, the day after Mr. Houston's petition for writ of habeas corpus was denied, until July 13, 2008, the day prior to when he filed the instant action, the time is not tolled under § 2244(d).

Mr. Houston does not allege in his Application that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. He also does not assert that he did not know or could not have discovered the factual predicate for his claims, which challenge the validity of his conviction and sentence, at the time of his

conviction and direct appeal or that there were any impediments to filing a 28 U.S.C. § 2254 application regarding his claims that were created by state action.

Therefore, the Court finds that the one-year limitation period began to run on April 14, 2007, the day after the petition for writ of habeas corpus was denied, until July 13, 2008, the day prior to when he submitted the instant action to this Court. As a result, the Court finds that the time during which a postconviction motion or collateral proceeding was not pending in state court is greater than one year, and the action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Houston bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

5

Mr. Houston fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. The action, therefore, is barred by the one-year limitation period.

B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Houston has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 15 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01508-BNB

Kyle Lee Houston
Prisoner No. 62173
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/16/08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk